**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN KELLY,** | : | **CIVIL NO. 1:14-CV-2322** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **J.T. MERRILL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

### I.   Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 (2007). One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims. As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or

meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204 (2007). Upon consideration of this case, we conclude that it has been shown that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). We further find that Kelly has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g). Having made these findings, we recommend that the Court deny Kelly's motion to proceed *in forma pauperis*.

## II. Statement of Facts and of the Case

On December 8, 2014, the plaintiff, Allen Kelly, a state prisoner who is proceeding *pro se*, commenced this lawsuit. (Doc. 1.) Kelly's 102-page complaint named 37 defendants spanning the entire Department of Corrections, and raised a far-reaching host of constitutional concerns relating to inmate discipline, denial of parole, access to legal resources, mail service, as well as alleged verbal harassment and

intimidation by prison staff. (Id.) None of these concerns recited by Kelly appeared to be of an imminently life-threatening nature since many of these events occurred months or years prior to the filing of this lawsuit. (Id.)

Along with his complaint, Kelly also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) This motion acknowledged that the plaintiff has had three or more prior cases dismissed as frivolous. (Doc. 2, ¶3.) While conceding that he was subject to §1915(g)'s three strike rule, Kelly sought to avoid the legal implications of his past history of frivolous litigation by alleging that he was in imminent danger of serious physical injury. (Id.)

Kelly made this claim in a curious fashion, simply stating in his motion "see attached" without attaching any documentary support whatsoever for this claim. (Id.) However, liberally construing another of Kelly's *pro se* filings, a motion for preliminary injunction, (Doc. 4.), it may be that Kelly is alleging imminent physical harm based upon allegedly threatening remarks made by prison staff to him while he was housed in the Restricted Housing Unit at the State Correctional Institution, Smithfield. Specifically, in this motion for injunctive relief, Kelly alleges that two staff members threatened at some unidentified date to harm him with strings or strips from sheets which were tied to the outside door of his cell. (Id.) While Kelly's pleadings neglect to tell us when these alleged events occurred, attachments to this

motion for preliminary injunction reveal that Kelly was grieving these matters with prison officials by September 3, 2014, some three months prior to the filing of this lawsuit. Therefore, it is evident that these alleged episodes of verbal harassment occurred at least four months prior to this filing of this case.

For the reasons set forth below, we believe that Kelly has not sufficiently alleged or shown that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g). Therefore, given the undisputed fact that Kelly has repeatedly filed frivolous and meritless claims in the past, as undeniably qualifies for denial of his in forma pauperis privileges under §1915(g), this motion for leave to proceed *in forma pauperis,* (Doc. 2.), should be denied.

### III. Discussion

#### A. 28 U.S.C. §1915(g)– The Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Kelly who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock, 549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis*

litigation. Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir. 2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted

towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of §1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the Court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the

unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff. As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Thus, a summary judgment dismissal of an action typically will not count as a strike under §1915(g), unless the summary judgment decision, on its face, dismissed the

action as frivolous malicious or for failure to state a claim.  Parks v. Samuels, 540 F. App'x 146, 150 (3d Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (en banc).

Further, by its terms, §1915(g):

> [S]peaks of possible strikes only in terms of "an action or appeal ... that was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g). Thus, "[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999). Also, . . . , "[t]he choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship," but rather may be "most plausibly understood as a reference to section 1915(e)(2), which requires the court to '*dismiss* the case at any time if the court determines that ... the action *or appeal* ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.'"  Thompson, 492 F.3d at 436 (emphasis and alterations in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(I), (e)(2)(B)(iii)). Therefore, a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike.
>
> Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Finally, the dismissal of a case without prejudice may nonetheless qualify as a strike under §1915(g), provided that the other requirements of the statute are met and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim."  Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013); Smith v.

8

Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011); Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999) (per curiam). However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness. Butler v. Dep't of Justice, 492 F.3d 440, 441 (D.C. Cir. 2007) holding modified by Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009)

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

Further, "[i]n making this imminent danger assessment, '[a] court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992))." Brown v. City Of Philadelphia, 331 F. App'x at 900. "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine

10

emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007). Kelly v. Bush, 1:12–CV–1245, 2012 WL 4017995 (M.D.Pa. July 2, 2012) report and recommendation adopted, 1:12–CV–1245, 2012 WL 4017998 (M.D.Pa. Sept.12, 2012), appeal dismissed (Nov. 20, 2012). See McClain v. Mosier, 1:13-CV-3011, 2014 WL 2864963 (M.D. Pa. June 24, 2014).

### B. Application of §1915(g)'s Three Strike Rule to This Lawsuit

Applying these legal benchmarks, we find that Kelly correctly concedes that he has presently incurred three strikes. Indeed, by our count Kelly has incurred as many as six prior strikes, in that he has had six prior lawsuits dismissed as frivolous, and has been denied leave to proceed *in forma pauperis* on at least three prior occasions due to his history of frivolous and feckless litigation.[1] Therefore, Kelly is

---

[1] See e.g., Kelly v. Kline, 1:10-CV-2658; Kelly v. Kemp, 1:11-CV-1099; Kelly v. Hauck, 1:11-CV-1221; Kelly v. York County Prison, No. 4:08-CV-2027; Kelly v. York County Prison, No. 4:08-CV-1813; Kelly v. York County Prison, No. 4:02-CV-700. See also Kelly v. Karnes, No. 10-2532, 2011 WL 5089819 (M.D.Pa. Sept. 1, 2011), Report and Recommendation Adopted, Kelly v. Karnes, No. 10-2532, 2011 WL 5117633 (M.D.Pa. October 25, 2011); Kelly v. Lebanon County Comm'rs, No. 11-1294, 2011 WL 745996 (M.D. Pa. Oct. 5, 2011), Report and Recommendation Adopted, Kelly v. Lebanon County Com'rs, No. 11-1294, 2012 WL 716038 (M.D. Pa. Mar. 5, 2012)(denying leave to proceed *in forma pauperis*).

presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation.

Nor can Kelly avail himself of the "imminent danger" exception to § 1915(g)'s preclusive effect. As we have noted, in making this imminent danger assessment, "[a] court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit 'factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." ' Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998)." Brown v. City Of Philadelphia, 331 F. App'x at 900. "Instead, ' "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending.' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011). Therefore, "[t]he 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.' Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002)." Banks v. Crockett, CIV.A. 1:07–CV–1019, 2007 WL 1655504 (M.D.Pa. June 7, 2007).

Here, Kelly's "imminent danger" claim fails on multiple scores. First, to the extent that Kelly relies upon alleged verbal threats by staff, coupled with the tying of strings to the outside door of his cell, sometime prior to September 2014, there is

nothing imminent about this danger. Quite the contrary, the incidents alleged by Kelly are notably remote in time, having now occurred some 4 months ago. Since "[i]mminent" dangers are [only] those dangers which are about to occur at any moment or are impending' " Meyers v. U.S. Dist. Court for the Middle Dist. of Pennsylvania, 1:11–CV–0173, 2011 WL 766937 (M.D.Pa. Feb.25, 2011), these allegations simply do not qualify as an imminent harm.

Furthermore, the allegations made by Kelly simply do not describe any form of imminent and serious physical injury. While Congress also did not define "serious physical injury," the courts have interpreted the meaning of the phrase to typically require some significant, and substantial risk to health or safety. See e.g., Ibrahim v. District of Columbia, 464 F.3d 3, 7 (D.C. Cir.2006), (a "chronic disease that could result in serious harm or even death constitutes 'serious physical injury.'); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004),(HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement.); Jennings v. Hall, 1:10-CV-110, 2010 WL 748239 (W.D. Mich. Mar. 3, 2010). In our view, Kelly's claims that two correctional officers verbally threatened him months ago while tying strings to the outside cell door of his cell, simply do not rise to the level of either imminent danger or serious physical injuries under §1915(g).

Furthermore, to the extent that Kelly's motion for leave to proceed *in forma pauperis* status largely relies upon alleged verbal harassment and threats by staff this motion fails. In this regard, we note that verbal threats and harassment, standing alone, typically are not considered imminent threats of serious physical injury for purposes of §1915(g). See e.g., Rittner v. Kinder, 290 F. App'x 796, 798 (6th Cir. 2008); Burke v. Godinez, 13-CV-345-JPG, 2013 WL 1948068 (S.D. Ill. May 9, 2013) motion for relief from judgment denied, 13-CV-345-JPG, 2013 WL 2468037 (S.D. Ill. June 7, 2013); Jones v. Large, 7:05-CV-00496, 2005 WL 2218420 (W.D. Va. Sept. 13, 2005). Indeed, to the extent that Kelly simply complains about alleged verbal harassment, his averments do not even state a claim upon which relief may be granted since: "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment. See McBride v. Deer, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir.1997) (rejecting the Eighth Amendment claim of a prisoner who alleged that he "was verbally harassed, touched, and pressed against without his consent" because "[n]o single incident that he described was severe enough to be 'objectively, sufficiently serious.' ")." Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006). See, e.g., Rister v. Lamas, 4:CV-10-1574, 2011 WL 2471486 (M.D. Pa. June 21, 2011); Patterson v. Bradford, CIV. 10-

14

5043 NLH, 2011 WL 1983357 (D.N.J. May 20, 2011); Williams v. Bradford, CIV. 10-5120 JBS, 2011 WL 1871437 (D.N.J. May 13, 2011); Ringgold v. Lamby, 565 F. Supp. 2d 549, 553 (D. Del. 2008); Sharpe v. Costello, 1:06 CV 1493, 2007 WL 1098964 (M.D. Pa. Apr. 11, 2007).

In sum, finding that it has been shown that the plaintiff has undeniably had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), and further finding that Kelly has not sufficiently alleged or shown that he is in imminent damage of serious bodily harm.  28 U.S.C. §1915(g), we recommend that the Court deny Kelly's motion for leave to proceed *in forma pauperis*.

## IV.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set

forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of December, 2014.

                                       ***S/Martin C. Carlson***
                                       Martin C. Carlson
                                       United States Magistrate Judge