# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN KELLY,** | : | **CIVIL ACTION NO. 1:14-CV-2322** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **J.T. MERRILL,** *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 3rd day of February, 2015, upon consideration of the report (Doc. 10) of Chief Magistrate Martin C. Carlson recommending the court deny the *pro se* plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* and dismiss without prejudice plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(g) (the "three strikes rule") because plaintiff has previously had at least six civil lawsuits dismissed as frivolous,[1] and several other lawsuits dismissed pursuant to the three

---

[1] See Kelly v. Kline, No. 1:10-cv-2658, 2011 WL 292253 (M.D. Pa. Jan. 26, 2011) (Rambo, J.); Kelly v. Kemp, No. 1:11-cv-1099, Doc. 13 (Carlson, M.J.), adopted by 2011 WL 6012930 (M.D. Pa. Dec. 1, 2011) (adopting report and recommendation of magistrate judge) (Conner, J.); Kelly v. Hauck, No. 1:11-cv-1221, 2011 WL 5040975 (Carlson, M.J.), adopted by 2011 WL 5040944 (M.D. Pa. Oct. 24, 2011) (Conner, J.); Kelly v. York Cnty. Prison, No. 4:08-cv-2027, 2009 WL 909394 (M.D. Pa. Jan. 14, 2009) (McClure, J.); Kelly v. York Cnty. Prison, No. 4:08-cv-1813, 2008 WL 4601797 (M.D. Pa. Oct. 15, 2008) (McClure, J.); Kelly v. York Cnty. Prison, No. 4:02-cv-700, Doc. 6 (M.D. Pa. May 5, 2002) (McClure, J.).

strikes rule,² and, following an independent review of the record, the court in agreement with the magistrate judge that plaintiff is barred from filing any future lawsuits *in forma pauperis*, and has failed to satisfy the imminent danger exception to the three strikes rule as articulated in Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), and further upon consideration of Judge Carlson's second report (Doc. 11) recommending the court also deny plaintiff's motion (Doc. 4) for a preliminary injunction,³ wherein Judge Carlson concludes that plaintiff has failed to satisfy the high burden of demonstrating that injunctive relief is appropriate, and specifically concludes that plaintiff cannot demonstrate a reasonable probability of success on his claims both by operation of the three strikes rule and because the claims are meritless, (see Doc. 11 at 9-17), and it appearing that neither party has objected to the report,⁴ and that there is no clear error on the face of the record,⁵ see

---

² See Kelly v. Lebanon Cnty. Comm'rs, No. 1:11-cv-1294, 2011 WL 7459960 (Carlson, M.J.), adopted by Kelly v. Lebanon Cnty. Comm'rs, 2012 WL 716038 (M.D. Pa. Mar. 5, 2012) (Conner, J.); Kelly v. Karnes, No. 4:10-cv-2532, 2011 WL 5089819 (Carlson, M.J.), adopted by Kelly v. Karnes, 2011 WL 5117633 (M.D. Pa. Oct. 25, 2011) (Conner, J.).

³ Plaintiff seeks relief in the form of, *inter alia*: expungement of disciplinary records, release on parole, single cell housing, special access to legal materials, and a prison transfer.

⁴ Plaintiff did not object to either report. Instead, on January 26, 2015, plaintiff mailed a letter to the court advising that full payment of the filing fee is forthcoming as of that day and seeking injunctive relief in substantially the form identified in his initial Rule 65 motion. (See Doc. 15). As of the date of this order, plaintiff has not paid a filing fee. To the extent the plaintiff's correspondence is construed as a "motion" for injunctive relief, it is denied for all of the reasons identified in the magistrate judge's report and adopted herein.

Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The reports (Docs. 10-11) of Magistrate Judge Carlson are ADOPTED in their respective entireties.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* and motions (Docs. 4, 15) for injunctive relief are DENIED.

3. Plaintiff's complaint (Doc. 1) is DISMISSED and the Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[5] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's reports in accordance with this Third Circuit directive.