# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLEN KELLY,** | CIVIL ACTION NO. 1:14-CV-2322 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **J.T. MERRILL,** *et al.*, | |
| Defendants | |

## ORDER

AND NOW, this 8th day of September, 2015, upon consideration of the report (Doc. 26) of Chief Magistrate Judge Martin C. Carlson, recommending the court dismiss plaintiff's *pro se* complaint (Doc. 1) for failure to state a viable claim against a number of defendants, see 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."), and following an independent review of the record, the court in agreement with Judge Carlson that plaintiff's complaint (Doc. 1) fails to state supervisory liability claims against defendants Jon Fisher, Kevin Kauffman, Robin M. Lewis, John E. Wetzel, Shirley Moore-Smeal, S. Woodring, Dan Caro, Donna Varner, Tracy Williams, and Lisa Hollibaugh, (see Doc. 26 at 10-16); that the doctrines of judicial and quasi-judicial immunity bar plaintiff's constitutional claims against Huntingdon County Court of Common Pleas Judges George N. Zanic and Stewart L. Kurtz, and Huntingdon County Prothonotary Kay Coons, (see id. at 16-19); and that the doctrine of sovereign immunity bars plaintiff's claims against the Pennsylvania Board of Probation and Parole, (see id. at 19-22),

and the court further in agreement that plaintiff's claims against the judicial officers, the prothonotary, and the state agency are legally deficient and thus incurable, but that plaintiff should be granted leave to amend his constitutional claims against the supervisory defendants, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007) (directing district courts to provide leave to amend in civil rights cases "irrespective of whether it is requested . . . unless doing so would be inequitable or futile"), and it appearing that plaintiff did not object to the report despite two generous extensions of time in which to do so, (see Docs. 29, 31), and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in accordance with this Third Circuit directive.

object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 26) of Chief Magistrate Judge Carlson is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice as to the following defendants:

    a. Huntingdon County Court of Common Pleas President Judge George N. Zanic;
    b. Huntingdon County Court of Common Pleas Judge Stewart L. Kurtz;
    c. Huntingdon County Prothonotary Kay Coons; and
    d. Pennsylvania Board of Probation and Parole.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice as to the following defendants:

    a. Jon Fisher;
    b. Kevin Kauffman;
    c. Robin M. Lewis;
    d. John E. Wetzel;
    e. Shirley Moore-Smeal;
    f. S. Woodring;
    g. Dan Caro;
    h. Dorina Varner;
    i. Tracy Williams; and
    j. Lisa Hollibaugh.

4. Plaintiff is granted leave to amend his pleading within twenty (20) days of the date of this order, consistent with paragraphs 2 and 3 above. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "First Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the complaint (Doc. 1) hereinabove dismissed.

5. This matter is REMANDED to Chief Magistrate Judge Carlson for further pretrial management.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania