UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ALLEN KELLY, | : | CIVIL NO. 1:14-CV-2322 |
| --- | --- | --- |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Carlson) |
| J.T. MERRILL, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

On December 8, 2014, the plaintiff, Allen Kelly, a state prisoner proceeding *pro se*, commenced this lawsuit. (Doc. 1.) Kelly's 102-page complaint named 37 defendants spanning the entire Department of Corrections, as well as two state judges, a county court prothonotary and a state agency, the Pennsylvania Board of Probation and Parole. In his complaint, Kelly raised a far-reaching host of constitutional concerns relating to inmate discipline, denial of parole, access to legal resources, mail service, as well as alleged verbal harassment and intimidation by prison staff. (Id.)

Along with his complaint, Kelly filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) This motion acknowledged that the plaintiff has had three or more prior cases dismissed as frivolous. (Doc. 2, ¶3.) While conceding that he was subject

to §1915(g)'s three strike rule, Kelly sought to avoid the legal implications of his past history of frivolous litigation by alleging that he was in imminent danger of serious physical injury. (Id.)

Upon a review of these initial pleadings, we concluded that Kelly had not sufficiently alleged or shown that he was in imminent damage of serious bodily harm. 28 U.S.C. §1915(g). Therefore, given the undisputed fact that Kelly had repeatedly filed frivolous and meritless claims in the past, and undeniably qualified for denial of his *in forma pauperis* privileges under §1915(g), we recommended that this motion for leave to proceed *in forma pauperis,* (Doc. 2), be denied. While the district court adopted this recommendation, Kelly subsequently mooted this issue by paying the filing fee, and his case was reinstated.[1]

With this case reinstated, we conducted a screening review of this pleading to determine whether it states a claim upon which relief may be granted. Having conducted this review, we recommended that a number of defendants be dismissed from this action prior to service of the plaintiff's complaint. In particular, we recommended that the complaint be dismissed with respect to the following supervisory defendants–defendants Fisher, Kauffman, Lewis, Wetzel, Moore-Smeal,

---

[1]Kelly had initially also filed a notice of appeal in this case, but has also now filed a motion withdrawing that notice of appeal, a course of action which now makes screening consideration of Kelly's complaint appropriate. (Doc. 25.)

Woodring, Caro, Varner, Williams, and Hollibaugh–without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order. (Doc. 26.) On September 8, 2015, the district court adopted this Report and Recommendation, but permitted the plaintiff 20 days in which to amend his complaint. (Doc. 32.)

That deadline has now long since passed without any action on the plaintiff's part to amend his claims against these supervisory defendants. On these facts it is now recommended that these defendants be dismissed with prejudice from this action.

## II. Discussion

While our initial analysis called for dismissal of the supervisory defendants named in this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his

3

complaint with respect to these supervisory defendants, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, this precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

This course of action has also been the past practice of this court when

confronted with litigants who refuse to abide by instructions to timely amend their pleadings. See e.g., Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *3 (M.D. Pa. Jan. 30, 2014) aff'd, 593 F. App'x 91 (3d Cir. 2014) cert. denied, 135 S. Ct. 1565, 191 L. Ed. 2d 650 (2015). Therefore with respect to these supervisory defendants it is recommended that the complaint now be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed with respect to Defendants Fisher, Kauffman, Lewis, Wetzel, Moore-Smeal, Woodring, Caro, Varner, Williams, and Hollibaugh.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 22d day of December, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
